## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| **MARK RULO,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| **STEPHEN BURNS, ADMINISTRATOR** | ) |
| **OF THE ESTATE OF ORLANDO** | ) |
| **CRAIG, DECEASED,** | ) |
| | ) **Civil Action No.** _3:22cv363_____ |
| **COLEMAN AMERICAN MOVING** | ) |
| **SERVICES, INC., and** | ) |
| | ) |
| **COLEMAN WORLD GROUP, LLC** | ) |
| | ) |
| *Defendants.* | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Coleman American Moving Services, Inc. ("Coleman American") and Coleman World Group, LLC ("Coleman World Group"), on their own behalf and with the consent of the remaining Co-Defendant, Stephen Burns, Administrator of the Estate of Orlando Craig, Deceased (the "Estate of Craig," and collectively with Coleman American and Coleman World Group, "Defendants"), hereby remove this action from the Circuit Court of the City of Richmond, Virginia to the United States District Court for the Eastern District of Virginia, Richmond Division. Removal is proper because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## PROCEDURAL HISTORY

1.      Attached to this Notice of Removal are the entirety of the pleadings and documents filed in the state court action, including: the docket of the state court proceedings for this matter as of May 5, 2022 (**Exhibit A-1**); Plaintiff's Complaint (**Exhibit A-2**); Plaintiff's Interrogatories

to Defendant Coleman American Moving Services, Inc. (**Exhibit A-3**); Plaintiff's First Request for Production of Documents to Defendant Coleman American Moving Services, Inc. (**Exhibit A-4**); Plaintiff's Interrogatories to Defendant Coleman World Group, LLC (**Exhibit A-5**); Plaintiff's First Request for Production of Documents to Defendant Coleman World Group, LLC (**Exhibit A-6**); Coleman American's Answer (**Exhibit A-7**); Coleman World Group's Answer (**Exhibit A-8**); the Estate of Craig's Answer (**Exhibit A-9**); Coleman American and Coleman World Group's Demurrer (**Exhibit A-10**); Defendants' Motion to Transfer Venue (**Exhibit A-11**); the Estate of Craig's Motion to Amend Answers Filed in Response to Complaint (**Exhibit A-12**); Coleman American's Motion to Amend Answers Filed in Response to Complaint (**Exhibit A-13**); and, Coleman World Group's Motion to Amend Answers Filed in Response to Complaint (**Exhibit A-14**).

2.      On or about April 5, 2022, Plaintiff Mark A. Rulo filed a Complaint against Coleman American, Coleman World Group, and the Estate of Craig.  That same day, Plaintiff filed his Interrogatories to Defendant Coleman American Moving Services, Inc. (**Exhibit A-3**); his First Request for Production of Documents to Defendant Coleman American Moving Services, Inc. (**Exhibit A-4**); his Interrogatories to Defendant Coleman World Group, LLC (**Exhibit A-5**); and his First Request for Production of Documents to Defendant Coleman World Group, LLC (**Exhibit A-6**).

3.      Coleman American and Coleman World Group, through counsel, obtained a copy of the Complaint on April 8, 2022.

4.      On April 28, 2022, Coleman American filed its Answer, Demurrer, and Motion to Transfer Venue.  *See* **Exhibit A-7; Exhibit A-10; Exhibit A-11**.

5.      On April 28, 2022, Coleman World Group filed its Answer, Demurrer, and Motion to Transfer Venue.  *See* **Exhibit A-8; Exhibit A-10; Exhibit A-11**.

6.      On April 28, 2022, the Estate of Craig filed its Answer and Motion to Transfer Venue.  *See* **Exhibit A-9; Exhibit A-11**.

7.      On May 3, 2022, the Estate of Craig, via its Administrator, Mr. Stephen Burns, Esq., signed a Declaration consenting to the removal of this matter to the United States District Court for the Eastern District of Virginia.  *See* **Exhibit B.**

8.      On May 5, 2022, Defendants each filed a Motion for Leave to Amend Answers Filed in Response to Complaint.  *See* **Exhibit A-12**; **Exhibit A-13**; **Exhibit A-14**.

## GROUNDS FOR REMOVAL

This Court has original jurisdiction because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.  *See* 28 U.S.C. § 1332(a)(1).

### I.    Complete Diversity

Plaintiff's Complaint fails to allege his residency.  Upon knowledge, information, and belief, Plaintiff is a resident of the State of Missouri.

Coleman American is, and was at the time of the filing of this lawsuit, an Alabama corporation, with its principal place of business located at 1 Covan Drive, Midland City, Alabama 36350. *See* **Exhibit A-2**, at ¶ 3. Accordingly, for purposes of diversity jurisdiction, Coleman American is a citizen of the State of Alabama. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Coleman World Group is, and was at the time of the filing of this lawsuit, an Alabama limited liability company, with its principal place of business located in Midland City, Alabama. *See* **Exhibit A-12**, at ¶¶ 8-9; **Exhibit A-13**, at ¶¶ 8-9; **Exhibit A-14**, at ¶¶ 8-9.  The members of Coleman World Group are Jeffrey F. Coleman and John Coleman.  Jeffrey F. Coleman is a citizen of the State of Alabama.  John Coleman is a citizen of the State of Alabama.  Accordingly, for purposes of diversity jurisdiction, Coleman World Group is a citizen of the State of Alabama.  *See Smiley v. Forcepoint Fed. LLC*, 2018 WL 3631885, at *1 (E.D. Va. July 31, 2018) ("It is well established that an LLC's citizenship, for the purpose of diversity jurisdiction, consists of the citizenship of all of its members.").

Orlando Craig, deceased, was, at the time of his death, a resident and citizen of the State of Maryland.  *See* **Exhibit B.**  Pursuant to 28 U.S.C. § 1332(c)(2), for purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See also Tweed v. FMSC of Weber City Operating Co.*, LLC, 2013 WL 1898995, at *1 & n.1 (W.D. Va. May 6, 2013).  The residency and citizenship of the representative individually has no bearing on the residency and citizenship of the estate of the decedent.  Thus, the Estate of Craig is a resident and citizen of the State of Maryland.

Because Plaintiff and the Defendants are citizens of different states, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

## II.   Amount in Controversy

Plaintiff's Complaint demands judgment in the amount of Fifty Million Dollars ($50,000,000.00.).  *See* **Exhibit A-2**, at 11. Therefore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## CONSENT TO REMOVAL

The undersigned counsel for Coleman American and Coleman World Group has conferred with Stephen D. Burns, Administrator for the Estate of Craig, Deceased, regarding this Notice of Removal.  The Estate of Craig affirmatively and unambiguously consents to removing Plaintiff's suit to this Court, and it assents to Coleman American and Coleman World Group's filing this Notice of Removal on its behalf.  *See* **Exhibit B**; 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b)(2)(A); *see also Mayo v. Bd. of Educ. of Prince George's Cty.*, 713 F.3d 735, 742 (4th Cir. 2013) ("[W]e conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal.").

## VENUE

The Circuit Court of the City of Richmond, Virginia is located within the Richmond Division of the United States District Court for the Eastern District of Virginia. 28 U.S.C. § 127(c); E.D. Va. Loc. Civ. R. 3(B)(4).  Therefore, removal venue is necessary in this Court because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. §§ 1441(a), 1446(a); *see also* E.D. Va. Loc. Civ. R. 3(B)(4).[1]

## NOTIFICATION TO ADVERSE PARTIES AND THE STATE COURT

Immediately following the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), Coleman American and Coleman World Group will give written notice thereof to the Parties in this matter and will also file a copy of the Notice of Removal with the Clerk's Office for

---

[1] Defendants maintain that venue was initially improper in the Circuit Court for the City of Richmond, Virginia, and filed a Motion to Transfer Venue. *See* **Exhibit A-11.**  Defendants maintain that venue for this action is proper in the Western District of Virginia, Abingdon Division.  *See* 28 U.S.C. 1391(b).  Defendants do not waive any objections to venue in the Eastern District of Virginia and are filing for removal in this Court pursuant to the applicable statutory requirements, as the Circuit Court for the City of Richmond has not yet ruled on the Defendants' Motion to Transfer.

the Circuit Court of the City of Richmond.  *See* **Exhibit C**.  The combination of these filings with notice to the Parties confers exclusive jurisdiction over this matter to the United States District Court for the Eastern District of Virginia.  *See Burroughs v. Palumbo*, 871 F. Supp. 870, 871 (E.D. Va. 1994) ("It is clear that the filing of the notice of removal in the state court terminates the state court's jurisdiction.").


Dated: May 6, 2022                                        Respectfully submitted,

                                                         */s/ Michael A. Montgomery*
                                                         _____

                                                         Michael A. Montgomery (VSB No. 40297)
                                                         Ashley A. Davoli (VSB No. 93466)
                                                         Eckert Seamans Cherin & Mellott, LLC
                                                         919 East Main Street, Suite 1300
                                                         Richmond, Virginia 23219
                                                         Tel. 804-788-7740
                                                         Fax 804-698-2950
                                                         mmontgomery@eckertseamans.com
                                                         adavoli@eckertseamans.com

                                                         *Counsel for Coleman American Moving Services, Inc. and Coleman World Group, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of May, 2022, a true and correct copy of the foregoing was sent via electronic mail and regular mail, first-class, postage prepaid, to the following:

Derrick L. Walker, Esquire
Jason Konvicka, Esquire
Allen, Allen, Allen & Allen, P.C.
1809 Staples Mill Road
Post Office Box 6855
Richmond, Virginia 23230
derrick.walker@allenandallen.com
jason.konvicka@allenandallen.com

*Counsel for Plaintiff Mark A. Rulo*

Stephen D. Burns, Esquire
Park Sensenig Attorneys
2310 West Main Street
Richmond, Virginia 23220
stephen.burns@parksensenig.com

*Administrator for the Estate of Orlando Craig, Deceased*