# EXHIBIT A-2

Uploaded: 2022APR05 13:43 Filed By: TMELTON on behalf of Bar# 46490 DWALKER Reference: EF-100806
E-Filed: 2022APR05 RICHMOND CITY CC DCLYTHGOE at 2022APR07 15:11 CL22001460-00
Case 3:22-cv-00363-REP   Document 1-2   Filed 05/06/22   Page 2 of 13 PageID# 12

**V I R G I N I A:**

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

CASE NO.: _____

MARK RULO,

           PLAINTIFF,

v.

STEPHEN BURNS, ADMINSTRATOR
OF THE ESTATE OF ORLANDO CRAIG, DECEASED
Serve:    Stephen Burns, Esq.
           Park Sensenig, LLC
           2310 West Main Street
           Richmond, Virginia 23220
           (PRIVATE SERVICE)


COLEMAN AMERICAN MOVING SERVICES, INC.,
Serve:    Jon William Coon, Registered Agent
           15381 Farm Creek Drive
           Woodbridge, Virginia 22194
           (PRIVATE SERVICE)

and

COLEMAN WORLD GROUP, LLC
Serve:    Clerk, State Corporation Commission
           1300 East Main Street
           Richmond, Virginia 23219
           (PRIVATE SERVICE)

           DEFENDANTS.

## **COMPLAINT**

Plaintiff Mark Rulo ("Plaintiff"), by counsel, for his Complaint against the Defendants Stephen Burns as Administrator of the Estate of Orlando Craig ("Defendant Craig"), Coleman American Moving Services, Inc. ("Coleman American Moving"), and Coleman World Group,

LLC ("Coleman World Group") states as follows:

## Parties

1. Stephen Burns qualified as the Administrator of the Estate of Orlando Craig, deceased, in the City of Richmond Circuit Court, Virginia on February 1, 2022. (Certificate of Qualification attached as Ex.1)

2. At all times relevant, Stephen Burns was a citizen of the Commonwealth of Virginia.

3. At all times relevant, the Defendant Coleman American Moving owned, operated, and managed a local and long-distance moving services company authorized to do business in Virginia and with a principal office in Midland, Alabama.

4. At all times relevant, the Defendant Coleman World Group owned, operated, and managed a local and long-distance moving services company authorized to do business in Coon Rapids, Minnesota.

## COUNT I - Negligence (Defendant Orlando Craig)

5. The allegations set forth above are hereby incorporated by reference as if set forth fully herein.

6. On or about July 10, 2020, at approximately 2:49 p.m., Plaintiff was operating a Volvo tractor trailer in a northerly direction on Interstate 81 near mile marker 57.80 in Wythe County, Virginia.

7. At that time and place, northbound Interstate 81 consisted of two lanes of travel.

8. At that time and place, the northbound and southbound lanes of Interstate 81 were divided by a median.

9. At that time and place, Orlando Craig was operating an International tractor trailer

in the southbound lanes of Interstate 81.

10. At that time and place, Orlando Craig owed various duties of ordinary care, including but not limited to the duty to perform a proper pre-trip inspection, the duty to keep a proper lookout, the duty to keep his vehicle under proper control, they duty to operate his vehicle at a reasonable speed under the existing conditions, the duty to pay full time and attention while driving, the duty to avoid engaging in non-driving activities while driving, the duty to stay awake and attentive while driving, the duty to drive in his lane of travel, and the duty to not obstruct the lanes of travel on Interstate 81, and the duty to abide by the basic rules of the road.

11. Despite having these and other duties, at that time and place, Orlando Craig caused his tractor trailer to leave the southbound lanes of Interstate 81 and drove directly into the path of Plaintiff's oncoming vehicle.

12. At that time and place, having insufficient time or distance to avoid the collision, Plaintiff's vehicle crashed into the tractor trailer driven by Orlando Craig.

13. Defendant Orlando Craig was negligent in at least the following specific ways:

    a. Failing to perform a proper pre-trip inspection;

    b. Failing to keep a proper lookout;

    c. Failing to keep his vehicle under proper control;

    d. Failing to operate his vehicle at a reasonable speed under the existing circumstances;

    e. Failing to pay full time and attention while driving;

    f. Failing to avoid engaging in non-driving activities while driving;

    g. Failing to stay awake and/or attentive;

    h. Failing to drive in his lane of travel;

      i.      Failing to keep his vehicle from obstructing the lanes of travel;

      j.      Failing to abide by the basic rules of the road;

      k.      Failing to drive defensively;

      l.      Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;

      m.      Failing to operate his commercial motor vehicle in accordance with generally accepted safety principles and practices of the trucking industry;

      n.      Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

14.      The above-described collision was directly and proximately caused by carelessness, recklessness and negligence in the operation of the tractor trailer by Orlando Craig.

15.      As a direct and proximate result of the above-described collision, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has suffered and will suffer in the future other damages.

## COUNT II – Negligence Per Se (Defendant Orlando Craig)

16.      The allegations set forth above are hereby incorporated by reference as if set forth fully herein.

17.      Orlando Craig, at the time if the subject collision was subject to the laws of the Commonwealth of Virginia governing the operation of a motor vehicle on Virginia's public roadways at the time of the subject collision.

18.      At all relevant times, Virginia had in effect Virginia Code Section 46.2-802, which provides that drivers must drive on the right side of the highway, unless it is impracticable to travel

on such side of the highway and except when overtaking and passing another vehicle, subject to the provisions of applicable to overtaking and passing.

19. At all relevant times, Virginia had in effect Virginia Code Section 46.2-804, which requires drivers to operate their vehicles as nearly as practicable entirely within a single lane and prohibits drivers from moving their vehicle from that lane until the driver has ascertained that such movement can be made safely.

20. At all relevant times, Virginia had in effect Virginia Code Section 46.2-853, which provides that drivers have a duty to keep their vehicle under proper control.

21. At all relevant times, Virginia had in effect Virginia Code Section 46.2-861, which provides that drivers have a duty to operate their vehicle at a reasonable speed under the circumstances and traffic conditions existing at the time.

22. At all relevant times, Plaintiff was a member of the class for whom Virginia Code Sections 46.2-802, 46.2-804, 46.2- 853, and 46.2-861 were enacted.

23. At all relevant times, Plaintiff was a member of the class for whom Title 46.2 of the Virginia Code was enacted.

24. At all relevant times, Defendant Orlando Craig was negligent per se in that he violated Virginia Code Sections 46.2-802, 46.2-804, 46.2-853, and 46.2-861.

25. Orlando Craig was negligent per se in that he violated statutes as set forth above.

26. The above-described collision was directly and proximately caused by the carelessness, recklessness, and negligence of Orlando Craig in the operation of his tractor trailer as described herein.

27. As a direct and proximate result of above-described collision, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and

mind; has incurred and will incur in the future medical and related expenses; and has suffered and will suffer in the future other damages.

### COUNT III – Vicarious Liability (Defendants Coleman American Moving)

28. The allegations set forth above are hereby incorporated by reference as if set forth fully herein.

29. At that time and place and at all times relevant hereto, Orlando Craig was an agent, servant and/or employee of Defendant Coleman American Moving.

30. At that time and place and at all times relevant hereto, Orlando Craig was acting within the course and scope of his agency and/or employment with Defendant Coleman American Moving.

31. Under the principles of *respondeat superior*, actual agency, and/or apparent agency, Defendants Coleman American Moving is vicariously liable for the negligence of Orlando Craig.

32. The above-described collision was directly and proximately caused by carelessness, recklessness and negligence in the operation of the tractor trailer by Orlando Craig and Defendant Coleman American Moving.

33. As a direct and proximate result of the above-described collision, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has suffered and will suffer in the future other damages.

### COUNT IV – Vicarious Liability (Defendant Coleman World Group)

34. The allegations set forth above are hereby incorporated by reference as if set forth fully herein.

35. At that time and place and at all times relevant hereto, Orlando Craig was an agent, servant and/or employee of Defendant Coleman World Group.

36. At that time and place and at all times relevant hereto, Orlando Craig was acting within the course and scope of his agency and/or employment with Defendant Coleman World Group.

37. Under the principles of *respondeat superior*, actual agency, and/or apparent agency, Defendant Coleman World Group is vicariously liable for the negligence of Orlando Craig.

38. The above-described collision was directly and proximately caused by carelessness, recklessness and negligence in the operation of the tractor trailer by Orlando Craig and Defendant Coleman World Group.

39. As a direct and proximate result of the above-described collision, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has suffered and will suffer in the future other damages.

COUNT V - Independent Negligence of<br>Coleman American Moving

40. The allegations set forth above are hereby incorporated by reference as if set forth fully herein.

41. Defendant Coleman American Moving is an interstate motor carrier existing under the laws of the state of Alabama.

42. Defendant Coleman American Moving is registered with the United States Department of Transportation under U.S. D.O.T. Number 148986.

43. Defendants Coleman World Group is registered with the United States Department

of Transportation under U.S. D.O.T. Number 2279544.

44. Defendant Coleman American Moving was independently negligent in at least the following ways:

a) Negligently hiring or contracting with Orlando Craig to drive the International tractor trailer involved in the collision described herein;

b) Negligently retaining Orlando Craig as a commercial driver;

c) Negligently failing to properly train Orlando Craig as a commercial driver;

d) Negligently entrusting Orlando Craig to drive a commercial motor vehicle professionally;

e) Failing to properly qualify Orlando Craig as a commercial driver;

f) Failing to properly inspect and maintain the commercial motor vehicle at issue in this case;

g) Negligently failing to have and/or implement policies, procedures, and training concerning federal regulations governing safe commercial vehicle operations for its agents and/or employees who drive in the course and scope of their employment and/or agency;

h) Otherwise violating state laws and federal regulations governing trucking companies;

i) Otherwise failing to act as a reasonably prudent company under the circumstances; and

j) Otherwise negligently hiring, retaining, qualifying, and training, Orlando Craig and in negligently entrusting him to operate a commercial motor vehicle on the public highways.

45. Defendant Coleman American Moving had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

46. Defendant Coleman American Moving had a duty to train its drivers to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

47. Defendant Coleman American Moving's negligence is a direct and proximate cause of the collision that resulted in severe and permanent injuries to Plaintiff.

48. As a direct and proximate result of Defendant Coleman American Moving's negligent conduct, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has suffered and will suffer in the future other damages.

## COUNT V - Independent Negligence of Coleman World Group

49. The allegations set forth above are hereby incorporated by reference as if set forth fully herein.

50. Defendant Coleman World Group is an interstate motor carrier existing under the laws of the state of Alabama.

51. Defendant Coleman World Group is registered with the United States Department of Transportation under U.S. D.O.T. Number 2279544.

52. Defendant Coleman World Group was independently negligent in at least the following ways:

   a) Negligently hiring or contracting with Orlando Craig to drive the International tractor trailer involved in the collision described herein;

   b) Negligently retaining Orlando Craig as a commercial driver;

c) Negligently failing to properly train Orlando Craig as a commercial driver;

d) Negligently entrusting Orlando Craig to drive a commercial motor vehicle professionally;

e) Failing to properly qualify Orlando Craig as a commercial driver;

f) Failing to properly inspect and maintain the commercial motor vehicle at issue in this case;

g) Negligently failing to have and/or implement policies, procedures, and training concerning federal regulations governing safe commercial vehicle operations for its agents and/or employees who drive in the course and scope of their employment and/or agency;

h) Otherwise violating state laws and federal regulations governing trucking companies;

i) Otherwise failing to act as a reasonably prudent company under the circumstances; and

j) Otherwise negligently hiring, retaining, qualifying, and training, Orlando Craig and in negligently entrusting him to operate a commercial motor vehicle on the public highways.

53. Defendant Coleman World Group had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

54. Defendant Coleman World Group had a duty to train its drivers to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

55. Defendant Coleman World Group's negligence is a direct and proximate cause of the collision that resulted in severe and permanent injuries to Plaintiff.

56. As a direct and proximate result of Defendant Coleman World Group's negligent conduct, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has suffered and will suffer in the future other damages.

<u>Prayer for Relief on all Counts</u>

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the sum of FIFTY MILLION DOLLARS ($50,000,000.00), plus pre-judgment and post-judgment interest and costs, and for all other damages permitted by law.

<u>Trial by jury is demanded</u>.


MARK RULO


By:

*[signature]*

Derrick L. Walker, Esq. (VSB No. 46490)
Jason Konvicka, Esq. (VSB No. 37418)
Allen, Allen, Allen & Allen, P.C.
1809 Staples Mill Road
Post Office Box 6855
Richmond, Virginia 23230
Telephone/Facsimile (Mr. Walker): (804) 257-7514
Telephone/Facsimile (Mr. Konvicka): (804) 257-7528
derrick.walker@allenandallen.com
jason.konvicka@allenandallen.com
*Counsel for Plaintiff*

CERTIFICATE/LETTER OF QUALIFICATION -
FOR PROSECUTION OR DEFENSE OF CIVIL ACTION
COMMONWEALTH OF VIRGINIA
VA. CODE §§ 64.2-454

City of Richmond Circuit Court

I, the duly qualified clerk/deputy clerk of this Court, **CERTIFY** that on    FEBRUARY 1, 2022
                                                                               DATE

*STEPHEN BURNS*
NAME(S) OF PERSON(S) QUALIFYING

duly qualified in this Court, under the provisions of Virginia Code § 64.2-454, as administrator of the estate of

**ORLANDO LAMONT CRAIG,** deceased, solely for the purpose of prosecution or defense of a civil action for personal injury and/or death by wrongful act.

The powers of the fiduciary(ies) named above continue in full force and effect.

*$1,000.00* bond has been posted.

Given under my hand and the seal of this Court on

*FEBRUARY 1, 2022*
      DATE

                                                    Edward F. Jewett, Clerk

                                          by _____, Deputy Clerk

FORM CC-1627 MASTER 07/15

**EXHIBIT A**